| ¶ CARAWAY, J.,
dissenting.
I respectfully dissent, since I believe this case should be remanded to the workers’ compensation judge.
While I agree with most of the concerns expressed in the majority opinion, the employer in this instance is entitled to an offset for the old-age Social Security benefits “to the extent not funded by the employee.” As pointed out by our supreme court in Garrett v. Seventh Ward General Hospital, 95-0017 (La.9/22/95), 660 So.2d 841, 856, “a workers’ compensation offset for Social Security old-age benefits is rare, given the dissimilarity of these benefits.” Nevertheless, despite this incongruity, our legislature requires that the employer be allowed to take the offset to the extent the employer identifies the proportion of the old-age benefits funded by the employer.
In this case, the record does not reveal the formula utilized by the Social Security Administration in determining the retirement benefits paid to Mrs. Keel nor the earnings record of credits from taxes paid by Mrs. Keel, her deceased husband, Wal-Mart or any other employer. While other courts may have allowed a credit of fifty percent of the old-age benefits, I will not take judicial notice of a 50%/50% funding of these retirement benefits. Mrs. Keel’s work history for earnings subject to the Social Security tax apparently included wages from other employers and could have included work periods where she was self-employed. The Social Security formula for the computation of her retirement benefit might also be determined in part by the contributions of her deceased husband. The mysteries of that federal formula have not yet been revealed. Before reaching a conclusion regarding the application of La. R.S. 23:1225(C)(l)(b), I would remand the case for a complete review of the computation of Mrs. Keel’s old-age retirement benefits.